PEDRO GANDÍA, Petitioner, *v.* DISTRICT COURT OF SAN JUAN, Respondent.

No. 483. Argued April 27, 1925.—Decided May 22, 1925.

ATTACHMENT—SECURITY—PERSONAL PROPERTY—POSSESSION.—Section 10 of the Act to secure the effectiveness of judgments prescribing the security to be given by the defendant is applicable only when the personal property is attached while in the possession of the defendant, but not when it is attached in the possession of third persons.

CERTIORARI to review an order of the First District Court of San Juan, Charles E. Foote, J., overruling a motion for custody of property on security. *Writ discharged.*

*Juan B. Soto* for the petitioner. *Cayetano Coll y Cuchí* for Johann D. Stubbe.

MR. JUSTICE ALDREY delivered the opinion of the court.

In an action by Johann D. Stubbe against Pedro Gandía

the attachment of properties of the defendant was ordered to secure the effectiveness of such judgment as might be rendered in favor of the plaintiff and the marshal attached, in the possession of the American Colonial Bank, sixty shares of stock of the Porto Rico Fertilizer Co. as the property of Gandía and $7,800 in the possession of the Porto Rico Fertilizer Co. as dividends on the said stock, the marshal having deposited the said stock in the American Colonial Bank and the money remaining in the custody of the court.

After the attachment Pedro Gandía appeared before the district court and moved that the properties attached be deposited in his possession, offering a bond for $15,000 to answer to the plaintiff for the value of the said property. This motion was overruled by the court and thereupon, at the instance of Gandía, this court issued the writ of certiorari which is the subject of this opinion.

In arguing the present case the parties admitted that the ownership of the 60 shares of stock and of the dividends had been adjudged to be in Gandía by a judgment rendered by this court in an action by Gandía against the Porto Rico Fertilizer Company and appealed from to the Circuit Court of Boston, and the defendant says that the stock is in escrow in the bank.

Section 10 of the Act to secure the effectiveness of judgments (Compilation, sec. 5242) provides that the attachment of personal property shall be effected by depositing it with the court or the person designated by it, under the responsibility of the plaintiff, and that if the defendant gives sufficient bond, in the discretion of the court, to cover the value of the said property, it shall be deposited with him, a provision which in our opinion is not applicable to the present case wherein the properties were attached in the possession of third persons, because if it were applied it

would change the possession of the properties which for some reason were held by a third person, giving possession to the defendant who for some reason was not enjoying it. We think this provision is applicable only when the personal properties are attached in the possession of the defendant, but not when they are in the possession of third persons, for otherwise a case might arise where a defendant might by this remedy obtain the possession of the property and take it from the person to whom it may have been given on deposit or as a pledge, by means of a bond which would only answer for the value thereof to the plaintiff, a person different from the one in possession, and we think that that was not the intention of the Legislature.

For this reason the writ of certiorari must be discharged.

Mr. Justice Franco Soto abstained from voting.